UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE C. MUSTIN,

    Petitioner,

vs.                                                 Civil Case No. 07-10907
                                                 Crim. Case No. 05-80265

UNITED STATES OF AMERICA,                 HON. AVERN COHN

    Respondent.
_____/

**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

I. Introduction

This is a habeas case under 22 U.S.C. § 2255. Petitioner Willie C. Mustin (Petitioner) pled guilty to conspiracy with intent to distribute 50 grams of cocaine, in violation of 21 U.S.C. § 841, and was sentenced to 87 months imprisonment. He now claims that he is incarcerated in violation of his constitutional rights. He specifically claims that (1) his trial counsel was ineffective under the Sixth Amendment, and (2) his Fourth Amendment rights were violated. The government contends that Petitioner's Sixth Amendment claim lacks merit and his Fourth Amendment claim is not cognizable. The Court agrees with the government. Accordingly, for the reasons that follow, Petitioner's motion is DENIED.

1

II. Factual Background and Procedural History

A.

The events leading to Petitioner's conviction follow:

On October 27, 2004, DEA agents were conducting surveillance of Petitioner's residence in Detroit in furtherance of a lengthy investigation of Petitioner's crack cocaine trafficking. Specifically, Petitioner had previously sold one-eighth kilogram quantities of cocaine to a DEA confidential informant on two prior occasions, August 26 and September 17, 2004. On the date in question, a DEA confidential informant met with Petitioner to arrange a purchase of crack cocaine. DEA agents watched Petitioner leave to go to the arranged location of the transaction. DEA agents also observed Petitioner return to residence after meeting with the confidential informant and get into a 2001 Cadillac Seville parked in front of the residence. Petitioner then drove away with another man in the passenger seat.

Believing Petitioner had the crack cocaine, and to protect the identity of the confidential informant, DEA agents arranged to have a marked Michigan State Police patrol car follow Petitioner and effect a traffic stop if Petitioner committed any traffic violations. The police car located the Seville on an area freeway and observed Petitioner speeding and changing lanes without signaling in a construction zone. Officers eventually stopped Petitioner. The troopers arrested the passenger after a LEIN check revealed an outstanding warrant. The troopers then directed Petitioner out of the Seville to effect a search incident to arrest. The troopers noticed a large bulge in Petitioner's abdomen/groin area. The troopers effected a Terry pat-down for safety and noted the bulge, but did not question Petitioner about it at the time. The troopers then

found a trace amount of marijuana in the glove box.  A DEA agent, who was observing the stop in an un-marked car nearby, approached Petitioner and identified himself as a law enforcement officer.  He also noticed the obvious bulge in the front of Petitioner's pants, at which he tugged a few times.  The DEA agent then conducted a pat down search and felt what he believed to be packages of crack cocaine.  Petitioner was placed under arrest.  Petitioner had approximately 124.2 grams of powder cocaine and 111.4 grams of crack cocaine and $1,138.00 in cash on his person.

After Petitioner's arrest, the DEA obtained a search warrant for Petitioner's residence.  Officers found an additional 90 grams of cocaine base packaged for distribution, 68 grams of powder cocaine, a loaded 9mm semiautomatic handgun, and $1,700.00 in cash.

B.

On march 16, 2005, a grand jury returned an indictment charging Petitioner with two counts of possession with intent to distribute 50 grams or more of cocaine base (crack cocaine) and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841.  Each of the four counts contained in the indictment related to the activities on October 27, 2004.

On June 7, 2005, Petitioner, through counsel, filed a motion to suppress arguing that the traffic stop was illegal and the subsequent Terry search violated his Fourth Amendment rights.  Petitioner further argued that the search warrant was invalid as a fruit of the illegal stop.

The government responded to the motion, arguing that the stop was proper.  The government did not mention the two prior controlled buys of crack cocaine.

A hearing on the motion to suppress was scheduled for July 25, 2005. Prior to the hearing, the attorney for the government telephoned Petitioner's counsel and explained that the October 27, 2004 arrest was the result of a lengthy investigation and informed him of the two earlier crack cocaine buys which would result in increased criminal exposure for Petitioner. The government attorney also informed that litigation of the motion to suppress would force the government to raise the two controlled crack buys. Petitioner's counsel informed the government's attorney that he would speak with Petitioner and recommend a plea.

On July 25, 2005, the date for the motion to suppress, Petitioner pled guilty to one count of possession with intent to distribute under a Rule 11 agreement. Under the Rule 11 agreement, Petitioner was not held accountable for the prior two controlled crack buys or the handgun. Petitioner also received a three point reduction for early acceptance of responsibility and a two point reduction for not possessing a firearm. February 28, 2006, the Court sentenced Petitioner to 87 months imprisonment, the bottom of the stipulated sentencing guidelines range of 87 to 108 months, followed by three years supervised release.

Petitioner waived his right to appeal in the Rule 11, and as such did not file a direct appeal. On February 28, 2007, Petitioner filed the instant motion under § 2255. He argues that his counsel was ineffective essentially for not pursuing the Fourth Amendment claim. Petitioner also refers to his counsel's subsequent legal troubles as grounds for the motion. Petitioner seeks a sentence reduction of 12 to 18 months which he bases on the 68 grams of powder cocaine found at his residence without reference

4

to the 94 grams of crack cocaine packaged for distribution also found at his residence as well as the 9mm handgun.

### III.  Analysis

#### A.  General Standards

Title 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show (1) that his counsel's performance was constitutionally deficient in that the performance "fell below an objective standard of reasonableness under prevailing professional norms" and (2) that he was prejudiced by his counsel's errors.  Magana v. Hofbauer, 263 F.3d 542, 547 (6th Cir. 2001) (citing Strickland v. Washington, 466 U.S. 668, 687 - 88 (1984)).  In order to establish prejudice, Nwangwu must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "The Strickland analysis also applies to claims of ineffective assistance of counsel involving counsel's advice offered during the plea process."  Magana, 263 F.3d at 547 (quoting Hill v. Lockhart, 474 U.S. 52, 58 (1985)).

5

B.  Application

Petitioner says that his counsel was ineffective because he failed to pursue the Forth Amendment violation raised in the suppression motion and instead convinced him to plead guilty.  To the extent Petitioner raises a Fourth Amendment violation as an independent claim, he is not entitled to relief.  Petitioner waived his appellate rights by pleading guilty and receiving a sentence within the 87 to 108 month range.  See ¶ 4 of the Rule 11 agreement.  Petitioner did not enter a conditional plea reserving the right to appeal the suppression issue, and as such, he forfeited it.  United States v. Brown, 2001 WL 1178312 (6th Cir. Sept. 24, 2001) (unpublished), cert. denied, 534 U.S. 1165 (2002) (citing United States v. Bahhur, 200 F.3d 917, 923 (6th Cir.2000)).  A guilty plea waives any independent claims of constitutional deprivations which occurred prior to the entry of the plea, including suppression issues.  Id. (citing Tollett v. Henderson, 411 U.S. 258, 266-67 (1973) and United States v. Kirksey, 118 F.3d 1113, 1115 (6th Cir.1997)).  Because Petitioner could not have raised this issue on direct appeal, the same holds true with respect to the instant § 2255 motion.

Petitioner's contention that counsel was ineffective assistance for not pursuing the suppression motion also fails.  As the government points out, Petitioner's argument is based on the premise that the Court would have granted the motion to suppress.  A review of the motion and the government's response reveals that Petitioner's success on the motion was far from clear.  Moreover, as noted above, had Petitioner's counsel pursued the suppression motion, the government would have disclosed the fact that Petitioner had sold crack cocaine to a the prior to a confidential informant on two prior occasions, thereby significantly increasing Petitioner's criminal exposure and potentially

increasing his sentence. Under these circumstances, counsel's decision to abandon the suppression motion and instead negotiate a plea for Petitioner was well within the protected realm of strategic choice. In other words, counsel's actions do not amount to ineffective assistance.

Petitioner also contends that his counsel was ineffective because "during the whole time that [counsel] was representing [him], [counsel] had been indicted himself for criminal charges." First of all, this statement is not accurate. Petitioner's counsel was charged in an information with one count of tax evasion on December 15, 2005 and plead guilty on January 26, 2006. This all occurred after Petitioner plead guilty but prior to Petitioner's sentencing. Petitioner presents no evidence, and the record reveals none, which shows that counsel was operating under a conflict of interest or was otherwise affected in his defense of Petitioner. The Assistant United States Attorney who prosecuted Petitioner's case had no knowledge that Petitioner's counsel's was the subject of a criminal investigation and counsel's legal situation was never raised in Petitioner's proceedings.

The record in fact shows that Petitioner's counsel represented him very well. Upon learning of the two prior crack cocaine buys involving Petitioner, counsel elected to limit Petitioner's exposure and advise him to plead guilty. As part of the plea negotiation, the government agreed not to seek a two level enhancement for the loaded 9mm handgun seized from his bedroom and agreed to a three level downward departure for early acceptance of responsibility and an additional two level reduction for not possessing a firearm, all of which reduced Petitioner's guidelines range. Counsel also succeeded in having Petitioner sentenced at the low end of the guidelines range

and negotiated an extension on Petitioner's report date to the Bureau of Prisons so that Petitioner could see his son play competitive basketball.  There is no basis to find that Petitioner's counsel rendered anything but constitutionally effective representation.

SO ORDERED.

          _s/Avern Cohn_____
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated:  April 17, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Willie Mustin, #39102-039, FCI Morgantown, P.O. Box 1000, Morgantown, WV 26507 on this date, April 17, 2007, by electronic and/or ordinary mail.

          _s/Julie Owens_____
          Case Manager, (313) 234-5160